**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PLATA CAPITAL LIMITED,<br><br>　　　Plaintiff-Counterclaim-Defendant,<br><br>　　　- against -<br><br>FINANCIAL TECHNOLOGY PARTNERS L.P.<br>and FTP SECURITIES LLC,<br><br>　　　Defendants-Counterclaim-Plaintiffs.<br><br>FINANCIAL TECHNOLOGY PARTNERS L.P.<br>and FTP SECURITIES LLC,<br><br>　　　Counterclaim-Plaintiffs,<br><br>　　　- against -<br><br>FINTECH ACQUISITION LIMITED,<br><br>　　　Counterclaim-Defendant. | Civil Action No. 1:25-cv-02549-PAE<br><br>Hon. Paul A. Engelmayer |

**STIPULATION AND PROTECTIVE ORDER**

　　　WHEREAS, all the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case; and

　　　WHEREAS, the Parties, through counsel, agree to the following terms; and

　　　WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Stipulated Protective Order ("Protective Order")—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in the course of discovery in this action) that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material or that person's counsel may designate such material as "Confidential," in whole or in part, only if counsel determines reasonably and in good faith that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive and non-public financial or business information; that is of a personal or intimate nature regarding any individual; that is subject to a contractual or other duty of confidentiality owed by the client to a third party; or which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(C)(1)(G) of the Federal Rules of Civil Procedure, including copies, information extracted from protected material, summaries or compilations, and conversations or presentations by the Parties or their counsel that might reveal Confidential material. Moreover, the person producing any given Discovery Material or that person's counsel may designate such material as "Confidential," in whole or in part, if applicable law—foreign or domestic—requires the equivalent of "Confidential" treatment as set forth in this Protective Order, examples of which may include, but are not limited to, laws implementing Regulation (EU) 2016/679, the General Data Protection Regulation (including but not limited to the Data Protection Act 2018 (c.12) ("United Kingdom's General Data Protection Regulation")).

3. The person producing any given Discovery Material or that person's counsel may designate such material as "Highly Confidential – Attorneys' Eyes Only," in whole or in part, only if counsel determines reasonably and in good faith that such designation is necessary to protect the interests of the client in proprietary and/or competitively sensitive technical, financial, or other confidential business information, the disclosure of which is likely to

cause irreparable harm to an individual or to the business or significantly impair the competitive position of the designating party. The Parties should meet and confer if any produced materials require a designation of "Highly Confidential – Attorneys' Eyes Only," provided that absent further agreement, such designated materials shall only be disclosed to the individuals or entities expressly enumerated in **Section 9** below.

4. The person producing any given Discovery Material may also redact any non-responsive information as to which applicable law—foreign or domestic—requires redaction, such as sensitive personal information that may be protected under the United Kingdom's General Data Protection Regulation.

5. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility.

6. With respect to deposition transcripts and exhibits, and associated recordings of any deposition, a producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" either by (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within thirty (30) days after each party receives a deposition transcript, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel by the reporter. All depositions shall presumptively be treated as Confidential Discovery Material and subject to this Protective Order during the deposition and for a period of thirty (30) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such thirty-day period, the deposition shall be classified appropriately. Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Confidential Discovery Material so that the other parties can ensure that only authorized individuals, who have signed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto, are present

at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "Confidential" or "Highly Confidential." Recorded portions of any such deposition so designated will likewise be treated by the Parties as Confidential or Highly Confidential – Attorneys' Eyes Only. Any disputes to such designations shall be resolved pursuant to Section 10 below.

7. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that it previously had produced without limitation should be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," such producing person may so designate such material by so apprising all prior recipients in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the terms of this Protective Order.

8. No person subject to this Protective Order other than the producing person shall disclose any of the Confidential Discovery Material designated by the producing person as "Confidential" to any other person whomsoever, except to:

   a. the Parties to this action, their insurers, and counsel to their insurers;

   b. counsel for the Parties, including in-house counsel, and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter

   c. document-management consultants, graphic production services or other litigation support services that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system,

   d. witnesses, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony or to prepare and submit declarations or affidavits in this litigation;

   e. any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

   f. as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

   g. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    h.    any person retained by a Party to serve as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    i.    stenographers engaged to transcribe depositions conducted in this action; and

    j.    this Court, including any appellate court, and the court reporters and support personnel for the same.

9.    Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "Highly Confidential – Attorneys' Eyes Only" only to:

    a.    The receiving party's outside counsel of record, as well as employees or other personnel of such counsel assigned to and necessary to assist in the litigation;

    b.    document-management consultants, graphic production services or other litigation support services that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

    c.    such other persons as hereafter may be designated by written agreement of all parties in this Action, not to be unreasonably withheld, or by order of the Court;

    d.    any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    e.    as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

    f.    any person retained by a Party to serve as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    g.    at any deposition or court proceeding to any fact witness who is testifying, provided (i) such person executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto, either before or after the deposition or (ii) if the counsel examining the witness advises the witness on the record as follows: "By order of the Court

       in this litigation, you may not disclose in any manner any Confidential Discovery Material to any person or entity except in strict compliance with the provisions of this Protective Order, and if you fail to comply with this Protective Order, you may be subject to sanction by the Court";

   h.   stenographers engaged to transcribe depositions conducted in this action; and;

   i.   this Court, including any appellate court, and the court reporters and support personnel for the same.

10. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel seeking to designate the material as Confidential or Highly Confidential will seek a protective order in accordance with Section 2.C. of this Court's Individual Rules & Practices in Civil Cases.

11. Any Party who requests additional limits on disclosure beyond those described herein may at any time prior to the trial of this action serve upon counsel for the receiving party a written notice stating with particularity the grounds of the objection or request. If the Parties cannot reach agreement promptly, counsel for the Party seeking such heightened protection will seek a protective order in accordance with Section 2.C. of this Court's Individual Rules & Practices in Civil Cases.

12. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action, and specifically (and by way of example and not limitation) may not use Confidential Discovery Material for any business, commercial or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

13. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to the producing person before disclosure and as soon as reasonably possible, and unless otherwise limited by the time allowed under the request, no later than ten (10) days before any

disclosure. This notice is intended to enable the producing person to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

14. Any documents (including briefs), tangible things or information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial must be filed in accordance with this Court's procedures regarding same. The Parties shall also follow the following procedures:

    a. Any Party or third-party that intends to file in support of or in opposition to a motion, or during a hearing or trial, documents or information produced by a party or third-party (the "Producing Party") and designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" (the "Filing Party") shall, prior to the intended submission or introduction of that document or information, provide notice to the Producing Party identifying those documents or information the Filing Party intends to file by Bates number or other identifying characteristics, and/or provide copies of those documents or information it intends to file to the Producing Party.

    b. To the extent the Producing Party does not agree to the public filing of any documents or information designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," Filing Party shall preliminarily file such documents under seal and/or with redactions, and shall file together with the filing a letter motion seeking leave to file the document or information under seal via the Court's Electronic Case Filing system ("ECF") on the grounds that the Producing Party has requested sealing and/or redacting. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

    c. Within three (3) days of the filing of said letter motion, the Producing Party must file a letter explaining the need to seal or redact the document.

    d. To the extent a Producing Party seeks to file under seal or in redacted form documents or information which they themselves designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," they shall, together with such filing, file a letter motion explaining the need to seal or redact the document pursuant to Section 4.B.2 of this Court's Individual Rules & Practices in Civil Cases.

15. Each person who has access to Discovery Material that has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he or it immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

17. When a producing party gives notice to receiving parties that certain inadvertently or otherwise produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). If Discovery Material or other information subject to a claim of attorney-client privilege, work-product immunity, or any other applicable claim of privilege or immunity is inadvertently produced or otherwise disclosed to any Party or Non-Party, pursuant to Rule 502(d) of the Federal Rules of Evidence, such production or disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or immunity for such Discovery Material or other information. Discovery Material or other information subject to a claim of privilege or immunity must be returned, sequestered, or destroyed as soon as it is discovered, without any need to show the production was inadvertent. The receiving party shall not use the inadvertently produced Discovery Material or other information for any purpose other than in connection with a motion to compel production in this matter. Upon request by the producing party pursuant to this Section, the receiving party shall immediately return, sequester, or destroy all copies of such document(s) or thing(s) and shall return, sequester, or destroy any newly created derivative document such as a summary or comment on the inadvertently produced information. The receiving party may then move the Court for an order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production. If a claim is disputed, the receiving party shall not use or disclose any Discovery Material or other information for which a claim of privilege or immunity is made pursuant to this Section for any purpose or until the matter is resolved by agreement of the Parties or by a decision of the Court.

18. Any producing party may redact from Discovery Material matter that the producing party claims is subject to the attorney-client privilege, work-product immunity, or any other applicable claim of privilege or immunity. The producing party shall mark each redaction with a legend stating "REDACTED," and specify the basis for the redaction as appropriate, or a comparable notice. The right to challenge and process for challenging the designation of redactions shall be the same as the right to challenge and process for challenging the designation of Confidential Information as set forth in Section 10.

19. This Protective Order shall survive the termination of the litigation. Within thirty (30) days of the final disposition of this action, all Confidential Discovery Material and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Confidential Discovery Material.

20. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED:

| | |
|---|---|
| *s/ Robert J. Malionek* | *s/ Alex Weiss* * |
| Robert J. Malionek | Adam Gahtan (NY Bar #2812501) |
| Zachary L. Rowen | Noah Solowiejczyk (NY Bar #4841243) |
| Tyler M. Halloran | Alex Weiss (NY Bar #5601257) |
| 1271 Avenue of the Americas | 902 Broadway, 18th Floor |
| New York, New York 10020 | New York, NY 10010-6035 |
| (212) 906-1200 | Telephone: 212.430.2600 |
| robert.malionek@lw.com | Email: agahtan@fenwick.com |
| zachary.rowen@lw.com | Email: nsolowiejczyk@fenwick.com |
| tyler.halloran@lw.com | Email: aweiss@fenwick.com |

*Attorneys for Defendants Financial Technology Partners LP and FTP Securities LLC*

Felix Lee (*admitted pro hac vice*)
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Email: flee@fenwick.com

*Attorneys for Plaintiff Plata Capital Limited*

* Electronic signature used with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.

SO ORDERED:

_____/s/ Paul A. Engelmayer_____   Dated: September 18, 2025
Hon. Paul A. Engelmayer                              New York, New York
United States District Judge