UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PLATA CAPITAL LIMITED,

                Plaintiff-Counterclaim-Defendant,
-v-

FINANCIAL TECHNOLOGY PARTNERS L.P. and FTP SECURITIES LLC,

                Defendants-Counterclaim-Plaintiffs.

---

FINANCIAL TECHNOLOGY PARTNERS L.P. and FTP SECURITIES LLC,

                Counterclaim-Plaintiffs,
-v-

FINTECH ACQUSITION LIMITED,

                Counterclaim-Defendant.

25 Civ. 2549 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

      This order resolves a discovery dispute.  Financial Technology Partners LP and FTP Securities LLC (collectively, "FT Partners") have moved to compel counterclaim-defendant FinTech Acquisition Limited ("FAL HoldCo") to participate in merits and jurisdictional discovery.  Dkt. 61.  FAL HoldCo has opposed this request, contending that FT Partners did not serve its merits discovery request on FAL HoldCo until October 2, 2025 and has not made a *prima facie* showing justifying jurisdictional discovery.  Dkt. 63.  For the reasons that follow, the Court grants FT Partners' request to compel FAL HoldCo participate in merits discovery and authorizes jurisdictional discovery, to assist in resolution of FAL HoldCo's motion to dismiss for lack of personal jurisdiction.

1

I.      **Background**

The Court assumes familiarity with the background of this case. In brief, plaintiff Plata Capital Limited ("Plata") brings this action to terminate its obligations under a 2023 engagement letter ("Engagement Letter"). The Engagement Letter provided that FT Partners would give Plata financial advice in exchange for commissions on certain financial transactions. Dkt 1, ¶¶ 1–2. On April 23, 2024, Plata was acquired by FAL HoldCo. *Id.* ¶ 6. Plata here alleges that the acquisition by FAL HoldCo constituted a sale of it within the meaning of the Engagement Letter, thereby terminating Plata's relationship with FT Partners. *Id*. ¶¶ 6–8. FT Partners counters that the acquisition by FAL HoldCo constituted "a sham transaction," designed to skirt Plata's obligations to FT Partners under the Engagement Letter. Dkt. 61 at 1. After initiating this action, on March 27, 2025, counsel for Plata filed a Rule 7.1 Corporate Disclosure statement, identifying Plata as a subsidiary of FAL HoldCo. Dkt. 3.

On July 9, 2025, counsel for Plata and FT Partners appeared before the Court for an initial conference. FT Partners represented that the "action" for purposes of discovery was focused on third parties: "the North Haven/[FAL HoldCo] transaction." July 9, 2025 H'rg Tr. at 15. When the Court inquired as to the representation of North Haven and FAL HoldCo in this litigation, Plata's counsel stated, multiple times, that he represented FAL HoldCo—but not North Haven. *Id*. at 18–19, 22, 24. The Court thereupon made clear, based on the representations by Plata's counsel and relevance of third-party materials, that it expected the discovery requests propounded by FT Partners on Plata to trigger production from Plata and FAL HoldCo. *Id*. at 24 (contrasting the ability of Plata and FAL HoldCo to jump on any FT Partners' discovery requests with "warp speed" with that of unrepresented North Haven). If the parties failed to expeditiously

respond to a discovery request from FT Partners, the Court stated, it would "order [them] to do so." *Id*.; *see also id*. at 27.

The next day, July 10, the Court entered a case management plan. The plan set out a timetable for "Plaintiff and Counterclaim-Defendant [Plata], Counterclaim-Defendant [FAL HoldCo]," and FT Partners to conduct discovery. Dkt. 41 at 1–2. It explicitly identified "FAL HoldCo" as among the "parties," and as a party subject to the Court's order for fact and expert discovery. *Id.* That same day, FT Partners served discovery requests on Plata and FAL HoldCo. Dkt. 61 at 2. FAL HoldCo did not object to the discovery request. On September 4, after FT Partners notified the Court that FAL HoldCo had not produced any materials, the Court directed "counter-claim defendant [FAL HoldCo] to promptly (*i.e.*, by September 19, 2025) produce document discovery bearing on whether additional parties are necessary to this action." Dkt. 46. On September 10, counsel for Plata filed a notice of appearance on behalf of FAL HoldCo, Dkts. 47–49, and filed a motion to dismiss FT Partners' counterclaims as to FAL HoldCo for lack of personal jurisdiction. Dkts. 51–52.

As of October 3, FAL HoldCo had not produced any discovery or initial disclosures. As a result, FT Partners moved to compel FAL HoldCo to participate in merits and jurisdictional discovery. Dkt. 61. FT Partners argues that FAL HoldCo is violating the Court's September 4, 2025 order to participate in merits discovery, Dkt. 46, and that FT Partners had sufficiently established the need for jurisdictional discovery. Dkt. 61. On October 9, FAL HoldCo opposed FT Partners' motion to compel, arguing that it need not comply with the discovery request due to the substantial overlap in discovery requested from FAL HoldCo and Plata and the absence of a prima facie showing of personal jurisdiction over FAL HoldCo. Dkt. 63.

3

**II.     Applicable Legal Standards**

In general, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). The party seeking discovery bears the burden of demonstrating its relevance. *Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 363 (S.D.N.Y. 2010). Upon a showing of relevance, the responding party bears the burden to justify curtailing or limiting the discovery. *Id.* Apposite here, Federal Rule of Civil Procedure 34(a)(1) states that a party may serve a request to permit inspection of documents or electronically stored information in "the responding party's possession, custody, or control." A responding party "must respond in writing within 30 days after being served," unless otherwise stipulated to or ordered by a court. Fed. R. Civ. P. 34(b)(2)(A)–(C). "The law is well settled that a failure to assert objections to a discovery request in a timely manner operates as a waiver." *Eldaghar v. City of New York Dep't of Citywide Admin. Servs.*, No. 2 Civ. 9151, 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003).

As to jurisdictional discovery, "[a] court may order limited discovery 'targeted at the missing jurisdictional elements[ ]' if plaintiff has shown that such an exercise 'would serve to fill any holes in its showing.' " *Smit v. Isiklar Holding A.S.*, 354 F. Supp. 2d 260, 263 (S.D.N.Y. 2005) (quoting *Turbana Corp. v. M/V "SUMMER MEADOWS"*, No. 3 Civ. 2099, 2003 WL 22852742 *2 (S.D.N.Y. Dec. 2, 2003)); *see id.* at 268 (authorizing jurisdictional discovery to develop facts relating to one defendant); *In re Sledziejowski*, No. 15–08207 (SHL), 2016 WL 6155929, at *10 (Bankr. S.D.N.Y. Oct. 21, 2016) (authorizing jurisdictional discovery "regarding the contacts relevant to specific [personal] jurisdiction"); *see also In re Terrorist Attacks*, 349 F. Supp. 2d 765, 820 (S.D.N.Y. 2005) (authorizing limited jurisdictional discovery to determine whether exercising personal jurisdiction over foreign bank comported with due

process); *Daventree Ltd. v. Republic of Azerbaijan*, 349 F. Supp. 2d 736, 765 (S.D.N.Y. 2004) (authorizing jurisdictional discovery "regarding the extent of defendant [bank's] general business contacts with the United States [during the relevant period]").

"If a plaintiff has identified a genuine issue of jurisdictional fact, jurisdiction[al] discovery is appropriate even in the absence of a *prima facie* showing as to the existence of jurisdiction." *Daventree Ltd.*, 349 F. Supp. 2d at 761 (citing *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 207–08 (2d Cir. 2003)). "However, a court is not obligated to subject a foreign corporation to discovery where the allegations of jurisdictional facts, construed most favorably in the plaintiff's favor, fail to state a basis for the exercise of jurisdiction or where a plaintiff's proposed discovery, if granted, would not uncover facts sufficient to sustain jurisdiction." *Id.* (citing *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185–86 (2d Cir. 1998).

### III. Discussion

#### A. Merits Discovery

FAL HoldCo must comply with FT Partners' July 10, 2025 discovery request. At the threshold, FT Partners has established the relevance of the requested discovery to the claims in this case, which turn on the acquisition of Plata by FAL HoldCo. And FT Partners' service of the discovery request on Plata on July 10 constituted service of the request on FAL HoldCo. At the initial conference in this case, Plata's counsel stated he represented FAL HoldCo, to the extent its interests were called upon in the litigation. The Court there stated it expected Plata *and* FAL HoldCo to respond to FT Partners' discovery request. July 9, 2025 H'rg Tr. at 18–19, 24. And the Court followed up in the case management plan it issued the following day, which ordered FAL HoldCo to participate in discovery. Dkt. 41. The Court further ordered, on September 4, 2025, that FAL HoldCo to produce certain document discovery. Dkt. 46. FAL

HoldCo's suggestion that it has not been served with the discovery demand is baseless. It may not duck its discovery obligations on that ground.

FAL HoldCo next argues that the purportedly "duplicative" nature of Plata's production excuses it from a duty to produce discovery. That is wrong. Parent and subsidiary entities are legally distinct and have distinct discovery obligations. A document held by a subsidiary is not assumed to be within the control of the parent. *See Sicav v. Wang*, No. 12 Civ. 6682, 2014 WL 2624753, at *4 (S.D.N.Y. June 12, 2014). Moreover, there may be evidentiary significance to the fact that a particular record was held by both Plata and FALHoldCo. by one, or by neither. Independent of its relevance to the claims against FAL HoldCo, discovery from FAL HoldCo may bear on the other claims in this case. Plata's compliance with discovery does not vitiate FAL HoldCo's freestanding duty to comply with discovery, with which the Court expects urgent compliance.

### B.   Jurisdictional Discovery

The Court separately authorizes limited jurisdictional discovery. Insofar as FAL Holdco disputes the existence of personal jurisdiction, FT Partners responds by seeking discovery to shed light on that issue. It asserts that discovery will draw out certain facts supporting personal jurisdiction, to include an assessment of the disputed relationship FAL HoldCo and North Haven. *See* Dkt. 61, Ex. A. That application is meritorious. Where the existence or not of personal jurisdiction turns on genuine issues of fact, "discovery is appropriate even in the absence of a *prima facie* showing as to the existence of jurisdiction." *Daventree Ltd.*, 349 F. Supp. 2d at 761. Here, jurisdictional discovery is required to enable the Court reliably to determine whether the first prong re is personal jurisdiction over FAL HoldCo under the first prong of New York C.P.L.R. § 302(a)(1), under which personal jurisdiction may lie over a party whose business transactions reflect purposeful availment of the privileges of doing business in

the state. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013); *see also Vasquez v. Hong Kong & Shanghai Banking Corp. Ltd.*, No. 18 Civ. 1876, 2019 WL 2327810, at *9–10 (S.D.N.Y. May 30, 2019).

The Court accordingly directs that the parties promptly undertake jurisdictional discovery. The Court expects that such discovery (documentary and testimonial) can be completed within four weeks of this decision. The Court accordingly extends by four weeks the deadlines for the submission of FT Partners' opposition brief, and FAL HoldCo's reply, on FAL HoldCo's motion to dismiss the counterclaims against it.

## CONCLUSION

For the foregoing reasons, the Court grants FT Partners' request to compel FAL HoldCo participate in merits discovery. FAL HoldCo is to attend to its merits discovery obligations urgently. The Court also authorizes jurisdictional discovery, to assist in resolution of FAL HoldCo's motion to dismiss for lack of personal jurisdiction. Personal jurisdiction discovery is to be completed within four weeks of this order.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: October 17, 2025
       New York, New York