UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

PLATA CAPITAL LIMITED,

                Plaintiff-Counterclaim-Defendant,

-v-

FINANCIAL TECHNOLOGY PARTNERS L.P. and FTP SECURITIES LLC,

                Defendants-Counterclaim-Plaintiffs.

------------------------------------------------------------

FINANCIAL TECHNOLOGY PARTNERS L.P. and FTP SECURITIES LLC,

                Counterclaim-Plaintiffs,

-v-

FINTECH ACQUSITION LIMITED,

                Counterclaim-Defendant.

------------------------------------------------------------

25 Civ. 2549 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

This order resolves a discovery dispute. Plaintiff Plata Capital Limited ("Plata") moves to compel defendants Financial Technology Partners LP and FTP Securities LLC (collectively, "FT Partners"), to comply with certain discovery requests seeking information and documents concerning FT Partners' contracts with other clients. Dkt. 64. FT Partners has opposed this request, arguing that some of the requested production has already been produced and that what remains is irrelevant, overbroad, and unnecessary. Dkt. 66. On October 21, the Court ordered FT Partners to furnish the Court with a copy of the engagement letter executed by FT Partners and Circle Internet Financial Limited ("Circle Engagement Letter") and by FT Partners and AlphaSense ("AlphaSense Engagement Letter") to assist the Court in resolving the parties'

1

dispute. Dkt. 68. On October 22, FT Partners provided the Court, and counsel for Plata, a copy of the Circle and AlphaSense Engagement Letters (the "Requested Letters").

Upon review of these materials, the Court denies Plata's request to compel FT Partners to comply with the discovery requests at issue, which seek information and documents concerning FT Partners' contracts with other clients.

The Court assumes familiarity with the background of this case and reviews, as relevant, the latest discovery dispute. As the Court detailed in its Order resolving the parties' last discovery dispute, Dkt. 65, Plata brings this action to terminate its obligations under an April 20, 2023 engagement letter ("Engagement Letter"). The Engagement Letter provided that FT Partners would give Plata financial advice in exchange for commissions on certain financial transactions. Dkt 1, ¶¶ 1–2. Plata seeks to compel FT Partners to comply with Interrogatory No. 5 and Requests for Production Nos. 5–7.[1] Dkt. 64 at 2. As to Interrogatory No. 5, after Plata's

---

[1] Plata identifies Interrogatory No. 5 and Requests for Production Nos. 5–7 as:

- Interrogatory No. 5: List all instances in which You have initiated or threatened legal action, or asserted legal rights, against any of Your clients (and identify any such clients), including but not limited to legal action relating to disputes arising from or relating to the termination of an engagement or the interpretation of any contractual provision similar to those at issue here, including but not limited to the meaning of "Capital Raise", "Company Sale", and "acquirer."

- Request for Production No. 5: All agreements entered into by You with any other client(s) that include any of the following terms or substantially similar terms: "Capital Raise," "Company Sale," "acquirer" and the provisions referenced in paragraphs ii and jj of the Counterclaims (including the term "corporate reorganization"), including all Documents relating to the negotiation, interpretation, or performance of such terms, whether or not from within the Covered Time Period.

- Request for Production No. 6: All Documents and Communications produced by FT Partners in the Circle Action.

2

motion to compel, FT Partners stated it will comply with Interrogatory No. 5. Dkt. 66 at 2. Unless and until Plata raises an objection to FT Partners' compliance with Interrogatory No. 5, the Court will treat that dispute as moot and not further address Interrogatory No. 5 here.

As to Requests for Production Nos. 5–7, having carefully considered counsels' submissions and the Requested Letters, the Court denies Plata's motion to compel.

Plata has not established that the requested production is relevant to its "claim or defense." Fed. R. Civ. P. 26(b)(1). That is because the Requested Letters and associated materials do not constitute parol evidence that would assist in interpreting the Engagement Letter.

Parol evidence can be admitted to establish that a contract, even if seemingly clear on its face, is ambiguous. *Hanson v. McCaw Cellular Commc'ns, Inc.*, 77 F.3d 663, 669 (2d Cir. 1996). But "[i]f the evidence offered would not persuade a reasonable man that the instrument meant anything other than the ordinary meaning of its words, it is useless." *Id.* (internal quotation marks omitted). The relevance standard at the discovery stage is more permissive than at trial, but as courts considering discovery requests based on the premise that a contract between a party and a non-party constitutes parol evidence have noted, "the relevance standard for discovery is not unlimited." *World Wrestling Fed'n Ent., Inc. v. William Morris Agency, Inc.*, 204 F.R.D. 263, 265 (S.D.N.Y. 2001) (internal quotation marks omitted).

Applying that standard, courts have rejected bids to discover contracts between a party and a non-party on the ground that these contracts did not bear on the construction of the contract at issue. *Id.* Consistent with this line of cases, this Court reminded counsel at the initial

---

- Request for Production No. 7: All Documents and Communications concerning the definition or meaning of "Company Sale" and "acquirer" in the Circle Agreement, as defined in the complaint in the Circle Action.

3

conference in this case that in the "relatively rare" scenario where parol evidence was considered, it did not reflect "the private thoughts" of a negotiating party, but rather the negotiating parties' "expressions across the table," July 9, 2025 H'rg Tr. at 14, because such expressions bore on the "dealings *between* the negotiating parties." *Id.* at 12 (emphasis added).

The Requested Letters, in contrast, do not reflect bilateral communications between the parties to this case. They instead are agreements that FT Partners executed with third parties to this controversy. As such, the Requested Letters do not bear upon the course of conduct between Plata and FT Partners at all, let alone the parties' shared understanding of terms in the Engagement Letter between the parties. In seeking the Requested Letters and related materials, Plata relies on a case from this district that stated that "similar contracts that [a party] negotiated around the same time and that contained the [same term] or dealt with [the same subject] are relevant to the construction of the [disputed] agreement." *Bridgeport Music Inc. v. UMG Records, Inc.*, 2007 WL 4410405, at 3* (S.D.N.Y. Dec. 17, 2007) (recognizing "around the same time" as two years prior and six months after the disputed agreement was executed). But even accepting this premise, the agreements at issue do not satisfy the conditions identified in *Bridgeport*. For one, the Circle Engagement Letter was executed on July 1, 2020, and the AlphaSense Engagement Letter was executed on January 23, 2015. These letters thus predate the Engagement Letter by, respectively, nearly three and eight years. For another, although the agreements each contained a termination provision, the transactions at issue in the Requested Letters are afield from those in the Engagement Letter, such that they are not fairly found to concern the "same subject." The Circle Engagement Letter, for example, addressed termination of the agreement after Circle's acquisition through a de-SPAC transaction. The AlphaSense Engagement Letter had its own distinct termination provision, which was keyed to the cessation

4

of direct involvement by FT Partners' managing partner in the business relationship. Neither scenario is implicated by the Engagement Letter at issue here.

The Court's examination of the Requested Letters underscores that they are irrelevant to the Engagement Letter's construction. Contrasted with that letter, the Circle Engagement Letter contains a distinct fee structure, mechanism for terminating the agreement upon a company sale, and definition of a "company sale." *Compare* Circle Engagement Letter § 2, 6, Annex B *with* Engagement Letter § 2, 6, Annex B. And the AlphaSense Engagement Letter contains its own distinct provisions governing these subjects. *Compare* AlphaSense Engagement Letter § 2, 6, Annex B *with* Engagement Letter § 2, 6, Annex B. In these circumstances, the disagreement between FT Partners and Plata about the construction of terms in the Engagement Letter—including the definition of "Company Sale"—will not be assisted by review of differently defined terms in FT Partners' agreements with non-parties that govern non-alike transactions. Put differently, the provisions in the Requested Letters do not have any capacity to "persuade a reasonable man that the [Engagement Letter] meant anything other than the ordinary meaning of its words." *Hanson,* 77 F.3d at 669; *see also* July 9, 2025 H'rg Tr. at 14–15, 29–30.

The Court accordingly finds the discovery requested by Plata to be irrelevant. It therefore denies Plata's discovery request.

## CONCLUSION

For the foregoing reasons, the Court denies Plata's request to compel FT Partners to comply with Requests for Production Nos. 5–7, seeking information and documents concerning FT Partners' contracts with other clients.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: October 31, 2025
      New York, New York