UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PLATA CAPITAL LIMITED,

                      Plaintiff-Counterclaim-Defendant,

      -v-

FINANCIAL TECHNOLOGY PARTNERS L.P. and FTP
SECURITIES LLC,

                Defendants-Counterclaim-Plaintiffs.

---

FINANCIAL TECHNOLOGY PARTNERS L.P. and FTP
SECURITIES LLC,

                Counterclaim-Plaintiffs,

      -v-

FINTECH ACQUSITION LIMITED,

                Counterclaim-Defendant.

25 Civ. 2549 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

This order resolves a discovery dispute.  Defendants Financial Technology Partners LP and FTP Securities LLC (collectively, "FT Partners") have moved to compel plaintiff Plata Capital Limited ("Plata") to produce unredacted copies of certain communications exchanged between Plata and a third-party minority investor, North Haven Capital ("North Haven"). Dkts. 74–75.  Plata has defended the redactions as justified under the attorney work product doctrine or, alternatively, the common interest doctrine.  Dkts. 81–82.  On November 24, 2025, the Court directed Plata to submit unredacted copies of the disputed materials for *in camera* review, Dkt. 77, and Plata did so.

On review of these materials and the parties' letter-memoranda, *see* Dkts. 74–75, 81–82, the Court finds  the limited redactions all justified under the work-product doctrine. *See*

1

*Hickman v. Taylor*, 329 U.S. 495 (1947); Fed. R. Civ. P. 26(b)(3).  The documents themselves and the surrounding context demonstrate that the redacted portions of the documents were prepared by Plata in anticipation of litigation.  These "tend[] to reveal mental impressions, conclusions, opinions or theories concerning the litigation," and do not "lose protection "merely because [they were] intended to assist in the making of a business decision."  *United States v. Aldman*, 134 F.3d 1194, 1194–95; *Schaeffler v. United States*, 806 F.3d 34, 43 (2d Cir. 2015); *Greenlight Cap., Inc. v. Fishback*, No. 24 Civ. 4832, 2025 WL 2642583, at *2 (S.D.N.Y. Sept. 15, 2025) (Engelmayer, J.).  The Court's review confirms that the redacted materials were "not prepared in the ordinary course of business" or that they "would have been created in essentially similar form irrespective" of the prospect of litigation.  *Aldman*, 134 F.3d at 1202.  The Court further finds that Plata's sharing of these communications with North Haven did not waive work product protection.

In light of this ruling, the Court does not have occasion to consider Plata's separate argument based on the common interest doctrine.[1]

**CONCLUSION**

For the foregoing reasons, the Court denies FT Partners' request to compel Plata to produce unredacted copies of the disputed materials.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: December 4, 2025
    New York, New York

---

[1] The Court grants FT Partners' motion to file under seal its unredacted motion to compel and the exhibits attached thereto (Dkt. 74-1–3) and Plata's motion to f ile under seal its unredacted opposition to FT Partners' motion, Dkt. 80.  On November 24, 2025, the Court authorized the filing under seal of Exhibits A–C to FT Partners' letter.  Dkt. 78.