**Robert J. Malionek**
Direct Dial: +1.212.906.1816
robert.malionek@lw.com

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |

February 13, 2026   **(VIA CM/ECF)**

The Honorable Paul A. Engelmayer
United States District Judge, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:     *Plata Capital Limited v. FTP Securities LLC, et al.*, No. 1:25-cv-02549 (S.D.N.Y.)

Dear Judge Engelmayer:

On behalf of Defendants-Counterclaim-Plaintiffs (collectively, "FT Partners"), we respectfully request that the Court compel Counterclaim-Defendants (collectively, the "Plata Defendants") to respond to FT Partners' Interrogatories seeking basic contentions and related information that the Plata Defendants have not provided because they have not answered the Counterclaims filed against them in this matter in May of 2025.[1]  Our attempts to meet and confer with the Plata Defendants on this issue have been unsuccessful.  FT Partners needs these responses to prosecute its counterclaims and refute the claims against it, particularly with depositions of the Plata Defendants' only witnesses approaching on February 25 and 27.

## I.      THE PLATA DEFENDANTS REFUSE TO RESPOND TO INTERROGATORIES

At the beginning of discovery, FT Partners served its First Set of Interrogatories (the "First Interrogatories") on Plata, consisting of ***five*** simple Interrogatories limited to names of witnesses with knowledge relevant to the case and general descriptions of relevant documents and their custodians.  *See* Exs. A & B.  Specifically, Interrogatory 1 requested the identities of "persons or entities with knowledge of the items listed in the subparts below," and then listed nine subject areas relevant to the pleadings.  Interrogatories 2 and 3, respectively, then requested "a general description of the documents relevant to the items listed in the subparts to Interrogatory 1" and "the custodians of and location of Documents or Communications referring or relating to the items listed in the subparts to Interrogatory No. 1."  Interrogatories 4 and 5 sought information relating to persons involved in the identification of relevant documents and with knowledge of such documents.  *See* Exs. A & B.   Plata responded fully to only the first ***two*** Interrogatories, and objected that FT Partners had at that point "exceeded the limit prescribed by Federal Rule of Civil Procedure 33(a)."  At the time, given that Plata's other responses effectively provided answers to the Interrogatories to which it did not respond, FT Partners did not consider the issue to be a ripe dispute (particularly given that Plata did respond to later served Interrogatories, as noted below).

---

[1] After having reviewed discovery from Plata, FAL HoldCo, and North Haven Expansion Equity IX LP ("North Haven"), FT Partners will be amending its counterclaims to include North Haven as a counterclaim defendant on or before the February 23rd deadline to add third parties.

February 13, 2026
Page 2

LATHAM&WATKINSLLP

After the Court granted FT Partners' motion to compel FAL HoldCo to participate in merits discovery and authorized jurisdictional discovery (*see* ECF No. 65), FT Partners served *fourteen* jurisdictional Interrogatories (the "Jurisdictional Interrogatories") jointly on the Plata Defendants. In response, the Plata Defendants reiterated their Federal Rule 33(a) objections in boilerplate language but ultimately provided substantive responses to certain (but not all) Jurisdictional Interrogatories. *See* Ex. C. In responding to the Jurisdictional Interrogatories, Plata abandoned its position that Interrogatories 1-3 exceeded the 25-interrogatory limit.

On December 19, 2025, FT Partners served *six* contention Interrogatories (the "Third Interrogatories") on Plata and FAL HoldCo, respectively, bringing the total number of FT Partners' Interrogatories to Plata to *twenty-five* each. Plata and FAL HoldCo refused to respond to any of the Third Interrogatories. *See* Exs. D & E. To date, the Plata Defendants have not responded to a single contention Interrogatory, whereas FT Partners has provided the Plata Defendants detailed discovery responses.

On January 12, 2026, FT Partners sent a letter to the Plata Defendants explaining the deficiencies of their Interrogatory responses, including their improper position that FT Partners served too many Interrogatories. *See* Ex. F. On January 22, the parties held a meet and confer, and FT Partners asked the Plata Defendants to withdraw their objection. Counsel have exchanged multiple emails since that time, but the Plata Defendants have refused to respond to FT Partners' Interrogatories, including a single contention Interrogatory.

## II.    FT PARTNERS HAS NOT EXCEEDED THE INTERROGATORY LIMIT

The applicable authority requires the Plata Defendants to respond to FT Partners' Interrogatories. FT Partners has only served a total of 25 Interrogatories on each of the Plata Defendants. Federal Rule 33(a) allows a party to "serve on any other party" up to "25 written interrogatories, including all discrete subparts." FT Partners is squarely within this limit.

FT Partners' First Set of Interrogatories consisted of five distinct Interrogatories, seeking basic disclosure information. Specifically, Interrogatories 1–3 constituted only three Interrogatories, rather than twenty-seven as argued by Plata. *See* Exs. A & B. These interrogatories posed "standard question[s] about persons with knowledge and the subject area of their knowledge" and must be considered one question just like they are "considered one item of the initial disclosure requirements set forth in Rule 26(a) (1)(A)." *F. Architects, LLC v. Candela*, 2008 WL 217119, at *1 (N.D. Fla. Jan. 23, 2008) (stating that motion for protective order was "not well taken" where plaintiff construed a "standard question about persons with knowledge and the subject area of their knowledge" as several separate interrogatories).

FT Partners organized its Interrogatories 1–3 in a list of logically and factually interconnected subparts for Plata's convenience. Courts routinely find such requests to constitute a single interrogatory. *See Codename Enters., Inc. v. Fremantlemedia N. Am., Inc.*, 2017 WL 11567520, at *2 (S.D.N.Y. Mar. 9, 2017) (finding a single interrogatory where subparts were styled in a list because they were "factually interconnected and dependent on the Interrogatory's core question"); *Murrell v. Pro Custom Solar LLC*, 2021 WL 12151177, at *1 (E.D.N.Y. Dec. 6, 2021) (holding that subparts constitute individual interrogatories if they are "logically or factually

**LATHAM&WATKINS**LLP

independent of the question posed by the basic interrogatory"); *Osucha v. Alden State Bank*, 2019 WL 6783289, at *6 (W.D.N.Y. Dec. 12, 2019) (finding "a single question even though plaintiff seeks distinct subgroups of witnesses"); *Murakhovskaya v. Neos S.p.A.*, 2025 WL 45384, at *1 (E.D.N.Y. Jan. 8, 2025) (finding a request of identities for "every person having knowledge or information regarding any fact alleged in the Complaint" was one discrete question). Simply put, Plata's claim that Interrogatories 1-3 constitute twenty-seven Interrogatories is contrary to law.

FT Partners will suffer prejudice if the Plata Defendants do not respond to its Interrogatories. *State Farm Mut. Auto. Ins. Co. v. Grafman*, 274 F.R.D. 442, 450 (E.D.N.Y. 2011) (granting a motion for sanctions and default judgment in part because plaintiff was unable to obtain "the most basic discovery"). The purpose of interrogatories under Federal Rule 33 "is to sharpen the issues and facilitate a party's preparation to more effectively prosecute or defend a claim." *CRA Holdings US, Inc. v. United States*, 2018 WL 4001675, at *4 (W.D.N.Y. Aug. 22, 2018). To date, the Plata Defendants have not filed an answer, which deprives FT Partners of the Plata Defendants' basic contentions and related information relevant to this case. On top of that, their refusal to respond to the Third Interrogatories and to respond fully to the Jurisdictional Interrogatories is highly prejudicial to FT Partners because the Plata Defendants are refusing to articulate the bases for their claims and defenses. Without responses, FT Partners would be forced to prepare for "depositions without essential information," creating the possibility of "summary judgment or trial by ambush." *Id.* The Plata Defendants even have refused to provide critical information relating to FAL HoldCo's jurisdictional defenses (including but not limited to whether FAL HoldCo has used New York bank accounts, correspondent accounts, and communications or meetings with individuals located in New York).

To the extent the Court agrees with the Plata Defendants that the first three interrogatories constitute separate interrogatories— FT Partners seeks leave of the Court to enlarge the number of permitted interrogatories to include the Third Interrogatories (to which the Plata Defendants did not respond at all). Without responses, FT Partners will be severely prejudiced without any clarity as to the facts and theories underlying the Plata Defendants' claims and defenses. This prejudice would be exacerbated by the fact that FT Partners provided extensive responses to the Plata Defendants' contention interrogatories and because the Plata Defendants have yet to file an Answer in this case.

## III.    CONCLUSION

FT Partners respectfully requests an order requiring the Plata Defendants to answer the Interrogatories. To the extent the Court agrees with the Plata Defendants that the first three interrogatories constitute separate interrogatories, FT Partners seeks leave of the Court to enlarge the number of Interrogatories permitted to be served on the Plata Defendants.

February 13, 2026
Page 4

LATHAM&WATKINS LLP

Respectfully submitted,

*/s/ Robert J. Malionek*

Robert J. Malionek
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, New York 10020
(212) 906-1200
robert.malionek@lw.com

Enclosures
cc: all counsel of record (via ECF) (with enclosures)


Per the Court's Individual Rule 2(E) governing discovery
disputes, Plata's response to FT Partners' letter is due
February 19, 2026.  The Court does not invite replies.

 SO ORDERED.



_____
      PAUL A. ENGELMAYER
      United States District Judge


February 17, 2026
New York, New York