**Robert J. Malionek**
Direct Dial: +1.212.906.1816
robert.malionek@lw.com

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

# LATHAM&WATKINS LLP

February 18, 2026  **(VIA CM/ECF)**

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |

The Honorable Paul A. Engelmayer
United States District Judge, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:     *Plata Capital Limited v. FTP Securities LLC, et al.*, No. 1:25-cv-02549 (S.D.N.Y.)

Dear Judge Engelmayer:

On behalf of Defendants-Counterclaim-Plaintiffs (collectively, "FT Partners"), we respectfully request that the Court compel Counterclaim-Defendants (collectively, "Plata") to search their custodians' mobile devices pursuant to FT Partners' proposed search protocol. Upon learning in early January that Plata custodians used their mobile devices to text about the issues underlying this litigation—which Plata previously represented did not occur—FT Partners has been asking Plata to collect and search their custodians' mobile devices, as FT Partners is doing for its custodians. For nearly a month, Plata refused. Accordingly, on February 9, 2026, FT Partners stated that they would be filing a motion to compel on this issue, as well as on Plata's refusal to respond to Interrogatories (which FT Partners has already submitted via letter motion).

On the evening of Friday, February 13, Plata (finally) relented, and agreed to conduct a review for mobile data—but provided no insight into how. A few hours after receiving this correspondence, FT Partners sent a proposed search protocol. *See* Ex. 1. It asked for a response within two days so that the parties could make progress on any disputes in anticipation of upcoming depositions. Four days later, Plata responded, refusing to run the protocol and claiming without support that it is "overbroad"—yet insisting that FT Partners proceed with depositions of their key witnesses next week. In light of the demand that FT Partners start taking these depositions, FT Partners is forced to seek to compel the adoption of reasonable search parameters to ensure relevant information is collected and produced in a timely and transparent manner.

As the Court is aware, this matter arises from Plata's attempt to manufacture a "Company Sale" in an effort to terminate its Engagement Letter with its financial advisor, FT Partners. As the discovery record has revealed, FT Partners identified North Haven Capital ("North Haven") as a potential minority investor for Plata. Plata then worked with North Haven in secret to attempt to engineer a "change of control" transaction that they would then claim terminated FT Partners' engagement and therefore allow Plata to avoid its further obligations to FT Partners. Plata then sued seeking a declaration to that effect, while FT Partners seeks a declaration that the Engagement Letter remains in effect and other relief from the Plata Defendants' breaches. During the parties' preliminary meet and confers, counsel for Plata stated that its custodians did not believe they used their mobile devices to message about anything related to the litigation. FT Partners, meanwhile, collected the "WhatsApp for Business" messages from its custodians and produced anything

February 18, 2026
Page 2

LATHAM&WATKINSLLP

relevant. In early January 2026, counsel for FT Partners learned that one of its custodians also had *personal* WhatsApp messages (separate from the WhatsApp for Business messages) on his mobile device that were not only relevant to the litigation, but that were *with* Plata's primary custodian, Vroon Modgill. Accordingly, FT Partners collected all SMS and personal WhatsApp data for this individual and has since reviewed them for anything relevant. FT Partners also searched the SMS and personal WhatsApp data for its other custodians and is completing that process now.

On January 16, 2026, FT Partners emailed Plata stating that it did not see any text message communications in Plata's productions, which, at that point, were ostensibly substantially complete. FT Partners accordingly requested that Plata confirm that it "will be collecting, reviewing and producing relevant text messages from [its] custodians' mobile devices before the start of depositions." During an ensuing meet and confer, FT Partners again requested that Plata collect and search its own custodians' devices, committed to do the same for its custodians, and invited a dialogue on search parameters. After the meet and confer, FT Partners emailed and again stated: "We are happy to discuss the search parameters, which can be mutual (e.g., parameters to apply to Plata/FAL's search, and parameters to apply to FTP's search)." Ex. 2 at 11.

Two weeks passed without a commitment from Plata's counsel to perform *any* collection and search of the devices. On February 5, 2026, after repeated follow-up, Plata's counsel stated that its two custodians searched their mobile devices but did not locate any responsive documents beyond those with the FT Partners' custodian. Counsel did not identify how the devices were searched, what terms were run across them, or whether counsel was even involved. Counsel for FT Partners responded and stated that Plata's refusal to have counsel perform a proper collection and search was unworkable given that these custodians have responsive data on their mobile devices. FT Partners also noted that the refusal was all the more unreasonable given that Plata's own documents reveal that its custodians do indeed have other relevant messages on their phones: a February 9, 2024 email reflects V. Modgill and a North Haven representative exchanging cell phone numbers, with V. Modgill telling the North Haven representative that he just messaged him. Ex. 2 at 8. FT Partners again invited Plata to meet and confer, stating that "we will ask (again), to have dialogue about the parameters of a proper mobile search so that this exercise can be done properly. As part of that, we will want to know phone numbers of relevant individuals for all of their devices—including from North Haven—and all of the devices or messaging channels that they used." *Id.*

Counsel have exchanged multiple emails since that time, but it was not until late Friday, February 13, 2026, that counsel for Plata finally agreed to collect and produce "responsive text messages located pursuant to a reasonable search" without elaboration. Having now finally received a commitment to review, FT Partners sent Plata a proposed search protocol that same evening and requested confirmation by February 15th that Plata would agree to its parameters. *See* Ex. 2 at 2. The proposed protocol is narrowly tailored to the issues in this case: it covers three custodians, a defined two-year period, and uses targeted keyword searches tied directly to the underlying transaction. *See* Ex. 1. Importantly, it asks that the counsel undertake a "linear review"—*i.e.*, without the use of terms—for communications with a select few individuals during the narrow period when Plata cut FT Partners out of the transaction with North Haven and then purported to consummate this "Company Sale." On February 17, 2026, Plata responded, refusing

**LATHAM&WATKINS**LLP

to run the protocol and claiming it is "vastly overbroad" without providing any hit counts or actual evidence of burden. Counsel did not disclose which search terms they used across the devices, how many hits those yielded, which phone numbers they searched for, or whether they did a linear review of the messages between the two key Plata custodians—Vroon and Gaurav Modgill.

Rule 26 requires counsel to disclose what was collected and to apply defined search parameters, particularly where prior representations that no responsive documents existed have been proven incorrect. *See Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs.*, 318 F.R.D. 28, 43 (S.D.N.Y. 2016) (granting motion to compel and holding that "the burden now shifts to Defendants to show specifically where they have searched"); *Thomas v. City of New York*, 336 F.R.D. 1, 4 (E.D.N.Y. 2020) (rejecting defendants' position that they are entitled to choose search parameters without oversight as "in tension with Rule 26"). Indeed, this Court has stated that "[t]o the extent that either side lacks an understanding of the basis or method by which discrete aspects of the documents furnished in discovery have been produced or organized, the Court strongly encourages the parties to work collaboratively and collegially to clarify those issues and productively complete fact discovery by their [] deadline." *Pratt v. Atalian Glob. Servs. Inc.*, 2021 WL 1234253, at *5 (S.D.N.Y. Apr. 2, 2021) (Engelmayer, J.); *see also William A. Gross Const. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134, 136 (S.D.N.Y. 2009) ("Electronic discovery requires cooperation between opposing counsel and transparency in all aspects of preservation and production of ESI."); *Capitol Recs., Inc. v. MP3tunes, LLC*, 261 F.R.D. 44, 50 (S.D.N.Y. 2009) (similar); *Zhulinska v. Niyazov L. Grp., P.C.*, 2021 WL 5281115, at *2 (E.D.N.Y. Nov. 12, 2021) (holding that the "obligation to conduct a diligent search requires good faith on the part of the responding party and its attorneys, and mandates that they work together 'to ensure that both understand how and where electronic documents, records and emails are maintained and to determine how best to locate, review, and produce responsive documents'") (citation omitted).

Plata's most recent refusal to run the search protocol raises more questions than it answers. (Which search terms is Plata using and for which time period? Why will it not agree to perform a linear review of messages with certain other key individuals during a narrow period? How many hits do FT Partners' proposed terms yield? Is Plata reviewing both of Vroon Modgill's mobile devices?) Indeed, to the extent that it is claiming "burden," that suggests there may be significant hits on targeted terms like "FT," "NH" or "Haven" (for North Haven), "change of control," or "engagement letter" during the relevant period—or otherwise significant messages between the relevant individuals during the key period when FT Partners was being cut out of discussions and Plata was manufacturing this transaction—which would be highly indicative of discussions about this litigation. But thus far, FT Partners has been in the dark. Further, considering that Vroon Modgill texted casually about matters related to this litigation with FT Partners, it seems entirely plausible—even likely—that he texted with North Haven (as the documentary record already shows), or others within Plata, including the other key Plata custodian who is his own *brother*.

FT Partners has tried to engage multiple times with Plata and has even disclosed the terms it is using with respect to its own custodians. Thus far, Plata has stalled, while simultaneously trying to force FT Partners to start depositions in seven days without a proper and transparent search of its custodians' mobile data. FT Partners accordingly requests an order requiring Plata to search its custodians' phones pursuant to the protocol attached here as Exhibit 1.

**February 18, 2026**
**Page 4**

**LATHAM&WATKINS**LLP

Respectfully submitted,

*/s/ Robert J. Malionek*

Robert J. Malionek
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, New York 10020
(212) 906-1200
robert.malionek@lw.com

Enclosures
cc: all counsel of record (via ECF) (with enclosures)

Per the Court's Individual Rule 2(E) governing discovery
disputes, Plata's response to FT Partners' letter is due
February 20, 2026.  The Court does not invite replies.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

February 18, 2026
New York, New York