UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PLATA CAPITAL LIMITED, <br><br>                    Plaintiff-Counterclaim-Defendant, <br> -v- <br><br> FINANCIAL TECHNOLOGY PARTNERS L.P. and FTP SECURITIES LLC, <br>             Defendants-Counterclaim-Plaintiffs. | 25 Civ. 2549 (PAE) <br><br> <u>ORDER</u> |
| FINANCIAL TECHNOLOGY PARTNERS L.P. and FTP SECURITIES LLC, <br>             Counterclaim-Plaintiffs, <br> -v- <br><br> FINTECH ACQUSITION LIMITED, <br><br>             Counterclaim-Defendant. | |

**PAUL A. ENGELMAYER, District Judge:**

This order resolves a discovery dispute. Financial Technology Partners LP and FTP Securities LLC (collectively, "FT Partners") have moved to compel counterclaim-defendants Plata Capital Limited ("Plata") and FinTech Acquisition Limited ("FAL HoldCo"), (collectively "Plata defendants"), to respond to certain interrogatories. Dkt. 89. The Plata defendants oppose this request, claiming that FT Partners exceeded the 25 interrogatories permitted under Federal Rule of Civil Procedure 33 and unduly delayed raising, as an issue, the Plata defendants' non-compliance with these. Dkt. 94.

The Court assumes familiarity with this case. In brief, Plata brings this action to terminate its obligations to FT Partners under a 2023 engagement letter ("Engagement Letter"). On April 23, 2024, Plata was acquired by FAL HoldCo, which, Plata contends, discharged it

1

from compliance with the Engagement Letter, which provided that Plata was to pay FT Partners for financial advisory services and that the agreement would terminate upon Plata's acquisition. Dkt. 1 ¶¶ 5–6. FT Partners counters that Plata's acquisition by FAL HoldCo, facilitated by minority investor North Haven Capital ("North Haven"), was "a sham transaction," rigged to enable Plata to shed its obligations to FT Partners under the Engagement Letter. Dkt. 23 at 18–25.

Salient here, FT Partners represents it has served the following on the Plata defendants: on August 1, 2025, five initial interrogatories; on October 24, 2025, 14 jurisdictional interrogatories; and, on December 19, 2025, six contention interrogatories. Dkt. 89. FT Partners now seeks to compel the Plata defendants to fully respond to three of the five initial interrogatories and all six of the contention interrogatories. Dkt. 94 at 2–3; Dkt. 89 at 2–3. FT Partners appears also to take issue with these defendants' compliance with the 14 jurisdictional interrogatories, but its letter does not specify which of these were insufficiently answered. *Id.*; *cf.* Dkt. 94 at 2–3 (defending Plata defendants' responses to these, including on grounds, *e.g.*, that Plata does not contest personal jurisdiction). This order therefore addresses only the initial and contention interrogatories.

For the reasons that follow, the Court orders the Plata defendants to comply with FT Partners' initial and contention interrogatories forthwith.

Under Rule 33, "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a). Parties cannot evade this cap by "joining as 'subparts' questions that seek information about discrete separate subjects." *Id.*, advisory committee's notes to 1993 amendment. "However, a question asking about communications of a particular type should be treated as a single interrogatory even though it

requests that the time, place, persons present, and contents be stated separately for each such communication." *Id.*; *see, e.g., Liberty Mut. Ins. Co. v. Guereschi*, No. 17 Civ. 1152, 2023 WL 2258548, at *2–3 (W.D.N.Y. Feb. 28, 2023) (six interrogatories asking the same set of questions for a "list of [77] names" did not constitute "hundreds of individual interrogatories and d[id] not run afoul of [Rule 33's] numeric limit"); *Gelb v. N.Y. State Bd. of Elections*, No. 00 Civ. 6325, 2003 WL 1907986, at *2 (S.D.N.Y. Apr. 17, 2003) (two interrogatories requesting information about distinct potential witnesses' responses did not run afoul of Rule 33's numerosity bar); *Concerned Citizens of Belle Haven v. Belle Haven Club*, 223 F.R.D. 39, 47 (D. Conn. 2004) (compelling yacht club to respond to interrogatories referencing a table with several columns, and declining to consider each item in the table as a separate interrogatory); *cf. Kiobel v. Royal Dutch Petrol. Co.*, No. 2 Civ. 7618, 2009 WL 1810104, at *6 n.13 (S.D.N.Y. June 25, 2009) (noting interrogatory requesting information about "193 separate statements" may not be "treated as one interrogatory").

Here, the Court finds that FT Partners' interrogatories do not exceed Rule 33's 25-interrogatory cap.

As to FT Partners' initial interrogatories, the first, although formulated with subparts, defensibly presents a unitary inquiry, in that it asks a common question: which personnel are knowledgeable about each of nine distinct stages or events in the transaction at issue. *See* Dkt. 89-1 at 6 (seeking such information in subpart 4 regarding "[t]he negotiation and execution of the North Haven Transaction" and in subpart 6 regarding "[t]he characterization of the North Haven Transaction as a 'Company Sale'"). And the subsequent four interrogatories each made a single request. Dkt. 89-1 at 12–17. The three objected-to initial interrogatories—numbers 3 through 5—refer back to the nine stages or events listed in initial interrogatory 1. Contrary to the

Plata defendants' portrayal, they are not properly viewed as making 27 distinct inquiries. *See Liberty Mut. Ins. Co.*, 2023 WL 2258548, at *3. These interrogatories are consistent with ones that courts have treated as singular request. *Compare* Dkt. 89-1 at 12 (initial interrogatory 3, seeking identification of "the custodians of and location of Documents or Communications referring or relating to the items listed in the subparts to Interrogatory No. 1"), *id.* at 14 (initial interrogatory 4, seeking identification of "any and all persons or entities participating in the identification and production of documents" in response to FT Partners' requests for production), *and id.* at 14–15 (initial interrogatory 5, seeking identification of "any and all persons or entities who have knowledge of documents being identified and/or produced" in response to FT Partners' requests for production), *with Murrell v. Pro Custom Solar LLC*, No. 19 Civ. 2656, 2021 WL 12151177, at *2 (E.D.N.Y. Dec. 6, 2021) (finding request for all individuals involved with a specific complaint not to raise discrete requests) *and Murakhovskaya v. Neos S.p.A.*, No. 24 Civ. 5917, 2025 WL 45384, at *1 (E.D.N.Y. Jan. 8, 2025) (treating request for "every person having knowledge or information regarding any fact alleged in the Complaint" as single interrogatory (internal quotation marks omitted)).

As to FT Partners' contention interrogatories, the Court likewise finds misplaced the objections that these encompass excessive interrogatories. Each of the six such interrogatories principally requests identifying information or "the factual bases" for particular propositions. Dkt. 89-4 at 5–10 (requesting, in contention interrogatory 1, information regarding "all bank accounts held by Plata and entities owned by Plata between February 1, 2024 to December 15, 2025"). That answering these interrogatories may require supplying distinct pieces of information does not undermine that the requests are "logically or factually interwoven."

4

*Murrel*, 2021 WL 12151177, at *2. Each request is properly treated as "a single interrogatory." *Murakhovskaya*, 2025 WL 45384, at *1 (cleaned up).

The Court is unpersuaded by the Plata defendants' remaining objections. They argue that FT Partners will not be harmed if it does not obtain answers to the disputed interrogatories, because the Plata defendants have produced documents in response to some 47 requests for production. Dkt. 94 at 3. But that does not undermine FT Partners' need, which the Court finds adequately established, for answers to these interrogatories. And the document production is not apt to cleanly resolve the questions FT Partners posed in the as-yet unanswered interrogatories. *See, e.g.*, Dkts. 89-1 at 12–17; 89-2 at 12–17. The Plata defendants also argue that FT Partners served its contention interrogatories belatedly. Dkt. 94 at 3. But the Plata defendants, while articulating eight largely boilerplate objections, did not object to these interrogatories on that ground. *See* Dkts. 89-4 at 1–10; 89-5 at 1–10.

## CONCLUSION

For the above reasons, the Court orders the Plata defendants to comply with FT Partners' initial and contention interrogatories forthwith.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: February 25, 2026
    New York, New York