UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PLATA CAPITAL LIMITED,<br><br>                       Plaintiff-Counterclaim-Defendant,<br>        -v-<br><br>FINANCIAL TECHNOLOGY PARTNERS L.P. and FTP<br>SECURITIES LLC,<br>                   Defendants-Counterclaim-Plaintiffs. | 25 Civ. 2549 (PAE)<br><br>ORDER |
| FINANCIAL TECHNOLOGY PARTNERS L.P. and FTP<br>SECURITIES LLC,<br>                  Counterclaim-Plaintiffs,<br>        -v-<br><br>FINTECH ACQUSITION LIMITED,<br><br>                  Counterclaim-Defendant. | |

PAUL A. ENGELMAYER, District Judge:

This order resolves a discovery dispute.  Financial Technology Partners LP and FTP Securities LLC (collectively, "FT Partners") have moved to compel counterclaim-defendant Plata Capital Limited ("Plata") to search the mobile devices of three of its custodians[1] using a proposed search protocol.  Dkt. 91; Dkt. 91-1 ("Protocol").  Plata opposes, arguing that it has produced material from certain custodians' mobile devices and that the Protocol is overbroad and unduly burdensome.  Dkt. 96.

The Court largely grants FT Partners' request.  For the reasons that follow, the Court orders Plata to search the three custodians' devices, but subject to a modification governing the Protocol.

---

[1] FT Partners identifies these as Vroon Modgill, Gaurav Modgill, and Tom Steer.  Dkt. 91-1 at 2.

"[T]he Federal Rules of Civil Procedure are designed to enable the parties to discover the true facts and to compel their disclosure wherever they may be found." *Hickman v. Taylor*, 329 U.S. 495, 506 (1947). Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering, *inter alia*, "the parties' relative access to relevant information," "the importance of the discovery in resolving the issues," and "whether the burden or expense of the proposed discovery outweighs its likely benefit."

"[R]elevance, for purposes of discovery, is an extremely broad concept." *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004). A matter is relevant if it encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The party seeking discovery bears the burden of demonstrating its relevance. *See Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 363 (S.D.N.Y. 2010). Once relevance has been shown, it is up to the responding party to justify limiting discovery—for instance, on the basis of undue burden. *See Condit*, 225 F.R.D. at 106; *State Farm Mat. Auto. Ins. Co. v. Fayda*, No. 14 Civ. 9792, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015) ("[T]he party resisting discovery has the burden of showing undue burden or expense.").

Here, FT Partners has clearly established the relevance of its request. It proffers, and Plata does not dispute, that Plata's chief executive officer ("CEO") represented he sent a text message to a representative from North Haven Capital ("North Haven"), a third-party minority investor, on February 9, 2024.[2] Dkt. 91-2 at 9. This text thus was sent approximately 10 weeks

---

[2] On February 22, 2026, the parties notified the Court they had agreed to add North Haven as a counterclaim defendant. Dkt. 97.

before North Haven facilitated Plata's acquisition by FinTech Acquisition Limited ("FAL HoldCo").  That acquisition is at the heart of the parties' dispute, which turns on whether, as Plata contends, the acquisition was bona fide—thus enabling it to escape its ongoing contractual obligations to pay FT Partners for financial advisory services—or, as FT Partners contends, a sham.  *See* July 9, 2025 H'rg Tr. at 15.  The information exchanged by Plata's CEO with North Haven is plainly relevant to assessing the parties' competing contentions regarding the timing, nature, and structure of the FAL HoldCo/North Haven transaction.  This evidence is, in other words, at the core of FT Partners' "claim[s] or defense[s]."  Fed. R.  Civ. P. 26(b)(1).

For the most part, the Protocol is not unduly burdensome.  It is appropriately tailored in so far as it defines the relevant custodians (section I),[3] time period (section II), platforms (section III), and keyword search review (section IV.B). The Protocol appropriately focuses on Plata's CEO (Vroon Modgill), Plata's chief compliance officer (Guarav Modgill), and a former FT Partners' employee (Tom Steer) currently employed by Plata's CEO.[4]  The time period— January 1, 2023 to December 31, 2024—is appropriately focused on the months preceding and following the acquisition at issue.  The identified platforms are keyed to the text-message applications, such as Whatsapp, that Plata's custodians have concededly used.  Dkt. 91-2 at 2.

---

[3] Plata opposes searching Gaurav Modgill's personal device on the ground that there is no basis to assert that he "use[d] th[is] device to discuss any matters relevant to this case."  Dkt. 96 at 3. The Court does not understand FT Partners to seek review of a device that Modgill exclusively used for personal communications, but instead to reach devices used, in whole or part, for work purposes.

[4] There is evidence supporting that Steer is currently employed by Plata's CEO.  As such, even though Steer is a former employee of FT Partners, to the extent that FT Partners seeks records on any device used by Steer that was issued by Plata, there is no reason to assume that these same records exist on electronic media within FT Partners' possession, custody, or control.

There is, however, one exception, relating to the search review process.  The Court agrees with Plata that the "Linear Review" (section IV.A) that FT Partners proposes appears, as defined, needlessly burdensome.  The review would cover the text conversations between the three identified Plata custodians and "any individual at  . . . Morgan Stanley" or "any individual at FT Partners."  Protocol at 2.  As envisioned by FT Partners, however, the review would not be guided by any search terms.  As such, depending on the volume of materials covered, that review could encompass a wide array of off-topic communications and thus prove needlessly time-consuming and costly.  The burden presented by such an unmoored review process request outweighs its likely benefit.  *See, e.g.*, *Cronas v. Willis Grp. Holdings Ltd.,* No. 6 Civ. 15295, 2008 WL 4548861, at *2 (S.D.N.Y. Oct. 8, 2008) (finding request with potentially undefined number of "compensation and promotion decisions" unduly burdensome); *Ruggles v. WellPoint, Inc.*, No. 10 Civ. 201, 2010 WL 11570681, at *13 (N.D.N.Y. Dec. 28, 2010) (noting that "keyword searches or selective criteria" are generally "the most cost effective methodologies"); *Ahmed v. City of New York*, No. 22 Civ. 8007, 2023 WL 8355782, at *3 (S.D.N.Y. Dec. 1, 2023) (finding request to produce all messages between defendant and informant unduly burdensome). This concern would be addressed by limiting the search by reasonably chosen search terms.

Accordingly, the Court modifies the Protocol to require that the review process defined in section IV.A be preceded by the identification of reasonable search terms.  Subject to that modification, the Court directs Plata to search its custodians' mobile devices using the Protocol.

4

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: February 25, 2026
       New York, New York