UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PLATA CAPITAL LIMITED,

                    Plaintiff-Counterclaim-Defendant,

          -v-

FINANCIAL TECHNOLOGY PARTNERS L.P. and FTP
SECURITIES LLC,

                    Defendants-Counterclaim-Plaintiffs.

---

FINANCIAL TECHNOLOGY PARTNERS L.P. and FTP
SECURITIES LLC,

                    Counterclaim-Plaintiffs,

          -v-

FINTECH ACQUSITION LIMITED,

                    Counterclaim-Defendant.

---

25 Civ. 2549 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

Counterclaim-defendants Plata Capital Limited ("Plata") and FinTech Acquisition

Limited ("FAL HoldCo"), collectively "Plata," move to seal in its entirety an amended answer

and related documents ("Answer") filed by counterclaim-plaintiffs Financial Technology

Partners LP and FTP Securities LLC ("FT Partners").[1]  Dkt. 105 (citing Dkts. 97-1, 97-2).

Newly-added counterclaim defendant North Haven Capital ("North Haven") largely joins in this

request, in that it seeks to redact much of the Answer.  Dkt. 108 at 3; Dkt. 104.  FT Partners

---

[1] These documents are: (i) the unredacted proposed Answer and Counterclaims ("Answer") filed
by FT Partners, (ii) the unredacted proposed Answer as redlined against the current Answer and
Counterclaims, and (iii) the unredacted proposed Answer with highlighted proposed redactions.
*See* Dkt. 105 at 1.

1

opposes. It proposes instead to file its amended answer and counterclaims without redaction. Dkt. 112 at 3.

For the reasons that follow, the Court denies the request to seal or broadly redact FT Partners' pleadings, but grants Plata's alternative request to publicly file the pleadings with narrowly tailored redactions.

The Court assumes familiarity with this case.

Plata, in moving to seal, argues that good cause exists to seal these materials, in whole or alternatively in part, because they contain commercially sensitive financial information. It argues that the Answer "quote[s] and reference[s] documents" designated as confidential under the parties' protective order, Dkt. 56. Dkt. 105 at 1. North Haven similarly argues that redactions are broadly warranted to protect "the non-public details of [its] strategic decision making," "the process of confidential negotiations and investment decisions," and "non-public financial information." Dkt. 108 at 2. Disclosure of such information, it contends, risks compromising its "competitive position" in future negotiations and "sensitive information" about business operations. *Id.* FT Partners counters that, to the extent that Plata and North Haven seek sealing or broad-ranging redaction of these records, they have not established why such is necessary.

FT Partners is correct. Its Answer is a judicial document and subject to a "presumption of access." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016). Such a document is "presumptively public" to enable the public to "have confidence in the administration of justice." *Id.* (quoting *United States v. Amodeo,* 71 F.3d 1044, 1048 (2d Cir. 1995)). The "right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). In

general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents. *See, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14 Md. 2543, 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

A court may exercise its "supervisory power" to restrict access to a judicial record where the unsealed filing is a vehicle to achieve "improper purposes," but no such circumstances appear here. *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978). Plata and North Haven state generally that harm could flow from disclosure of their negotiations, but such negotiations were already previewed in FT Partners' initial response, Dkt. 23, which was publicly filed. And Plata and North Haven's concerns do not implicate a substantial privacy interest or a stipulated settlement conditioned on sealing. *See, e.g.*, *Cooksey v. Digital*, No. 14 Civ. 7146, 2016 WL 316853, at *3 (S.D.N.Y. Jan. 26, 2016) (finding limited redaction of plaintiff's amended complaint justified where it would otherwise "gratify private spite or promote public scandal" in suit against celebrity news site); *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 737 (2d Cir. 2000) ("Once the District Court "so ordered" the settlement agreement, which included a provision for sealing the case file, it was required to enforce the terms of the agreement[.]"). Accordingly, the Court denies the request to seal the Answer, and related documents, in their entirety or to substantially redact them.

Plata's fallback proposal, under which the Answer and associated materials would be publicly filed with limited redactions, is, however, persuasive, as the proposed redactions are narrowly tailored. The redacted information includes, *inter alia*, quotes from an internal North Haven memorandum regarding Plata, Answer ¶ 110, quotes from an internal North Haven chat, *id.* ¶ 126, and specific projections of Plata's exit value, *id.* ¶ 224. Where confidential business

information is relevant to a business and "would . . . competitively harm[]" a party if disclosed, a court may permit the limited sealing of such information. *See Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (noting that "[c]onfidential business information dating back even a decade or more" can be sealed when there is "specific testimony" that the relevant "business practices" and "strategies . . . have not significantly changed"); *Playtex Prod., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (noting that courts look at the degree to which a party "would be competitively harmed if [the information] were revealed"). Such is the case here with respect to the limited proposed redactions. Accordingly, the Court finds that the limited redactions narrowly tailored to the confidential business information that the corresponding documents contain. FT Partners shall (a) publicly file the Answer and associated materials with the limited proposed redactions, and (b) electronically file under seal a copy of these documents with the proposed redactions highlighted.

SO ORDERED.

Paul A Engelmayer

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: March 16, 2026
       New York, New York

4