Case 1:25-cv-02549-PAE Document 147 Filed 08/20/25 Page 1 of 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PLATA CAPITAL LIMITED,<br><br>Plaintiff-Counterclaim-Defendant,<br><br>-against-<br><br>FINANCIAL TECNOLOGY PARTNERS L.P and FTP SECURITIES LLC,<br><br>Defendants-Counterclaim-Plaintiffs. | Civil Action No. 1:25-cv-02549-PAE<br><br><u>FOURTH REVISED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER</u> |
| FINANCIAL TECHNOLOGY PARTNERS L.P. and FTP SECURITIES LLC,<br><br>Counterclaim-Plaintiffs,<br><br>-against-<br><br>FINTECH ACQUISITION LIMITED, and NORTH HAVEN EXPANSION EQUITY IX LP,<br><br>Counterclaim-Defendant. | |

This Revised Civil Case Management Plan (the "Plan") is submitted by Plaintiff and Counterclaim-Defendant Plata Capital Limited ("Plata"), Counterclaim-Defendant FinTech Acquisition Limited ("FinTech"), and Counterclaim-Defendant North Haven Expansion Equity LP ("North Haven") and Defendants and Counterclaim-Plaintiffs Financial Technology Partners L.P. and FTP Securities LLC ("Defendants/Counterclaim-Plaintiffs") in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. This case is not to be tried to a jury.

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed ~~within 60 days from the date of this Order~~ ~~by January 9, 2026~~ February 23, 2026.

4. Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(l), shall be completed no later than 14 days from the date of this Order.

5. Fact discovery is to be completed no later than ~~November 6, 2025~~ ~~February 2, 2026~~ ~~March 13, 2026~~, ~~September 18, 2026~~, November 18, 2026.

6. Jurisdictional discovery is to be completed no later than ~~February 2, 2026~~ ~~March 13, 2026~~, September 18, 2026.

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. If discovery proceeds, the following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above.

   a. Initial requests for production to be served by August 1, 2025, except that initial requests for production by or to North Haven to be served by April 20, 2026.
   b. Interrogatories to be served by August 1, 2025, except that initial requests for production by or to North Haven are to be served by April 27, 2026.
   c. Production of documents to be completed by ~~December 2, 2025~~, ~~January 9, 2026~~, June 12, 2026.
   d. Depositions to be completed by ~~January 23, 2025~~, ~~March 11, 2026~~, ~~September 18, 2026~~ November 18, 2026.
   e. Requests to admit and contention interrogatories to be served no later than ~~October 6, 2025~~, December 19, 2025, except that requests to admit and contention interrogatories by/to/from North Haven and FT Partners only to be served by ~~June 12, 2026~~, August 18, 2026.

8. The parties are to conduct jurisdictional discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all jurisdictional discovery is completed by the date set forth in paragraph 6 above.

   a. Productions of documents to be completed by ~~December 2, 2025~~ ~~January 9, 2026~~, June 12, 2026.
   b. Depositions to be completed by ~~January 23, 2026~~ ~~March 11, 2026~~, ~~September 18, 2026~~, November 18, 2026.

9. Because the Court dismissed Counterclaim Six (the "advancement claim") (*see* Dkt. No. 114 at 16), the advancement claim is deemed dismissed from the Amended Counterclaims as well as to both Plata and FinTech Acquisition.

10. Plata, FinTech, and North Haven shall each respond to Defendants-Counterclaim-Plaintiffs Financial Technology Partners L.P. and FTP Securities LLC's Amended Answer and Counterclaims no later than April 17, 2026. If North Haven and/or Plata moves to dismiss, opposition papers shall be filed no later than May 18, 2026, and any reply papers shall be filed no later than June 5, 2026. If FinTech Acquisition Limited moves to dismiss, opposition papers shall be filed no later than October 2, 2026, and any reply papers shall be filed no later than October 16, 2026.

11. The deadline to add third parties to this action shall be ~~October 23, 2025~~ ~~January 9, 2026~~ February 23, 2026.

12.

a. All expert discovery shall be completed no later than ~~December 21, 2025~~ ~~March 11, 2026~~ ~~April 26, 2026~~, ~~November 2, 2026~~, January 11, 2027.

b. No later than ~~October 6, 2025~~ ~~December 19,~~ ~~February 2, 2026~~ , ~~August 19, 2026~~, October 28, 2026, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 12(a).

13. All motions and applications shall be governed by the Court's Individual Rules and Practices, including the requirement of a pre-motion conference before a motion for summary judgment is filed. Pursuant to the authority of Fed. R. Civ. P. 16(c)(2), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days of the close of fact discovery.

14. All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

15.

a. Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

The parties at this time do not plan to informally exchange information outside of the discovery process provided for in this Order.

b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately-retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

If and when the parties engage in settlement discussions, they presently intend to use a privately-retained mediator. However, the parties do not believe the case is ripe at this time for alternate dispute resolution.

c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 14(b), be employed at the following point in the case (e.g., within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

Within ~~seven (7)~~ eight (8) days following the close of fact discovery.

d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

16. The Final Pretrial Order date shall be set by the Court at a later date.

17. Counsel for the parties have conferred regarding the length of trial, and they agree that their present best estimate of the length of trial is 3-5 days.

---

TO BE COMPLETED BY THE COURT:

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Fed. R. Civ. P. 16(b).

18. The next Case Management Conference is scheduled for ~~December 4, 2025 at 2:30 p.m.~~ ~~February 27, 2026~~ ~~April 7, 2026~~ __December 18, 2026 at 3:30 p.m.
The Case Management Conference will be held in Courtroom 1305 at the Thurgood Marshall U.S. Courthouse, 40 Centre Street, New York, New York 10007.

All conferences with the Court are scheduled for a specific time; there is no other matter scheduled for that time, and counsel are directed to appear promptly. All pretrial conferences must be attended by the attorney who will serve as principal trial counsel.

**Please email to EngelmayerNYSDChambers@nysd.uscourts.gov, no later than twenty-four hours before the conference**, the names of any counsel who wish to enter an appearance at the conference, and the number from which each counsel will be calling.

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraphs 7 and 8) shall be made in a written application in accordance with paragraph 1.E of the Court's Individual Rules and Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

Dated: August 20, 2026

Paul A. Engelmayer
United States District Judge